**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lieberman & Associates, | No. CV 09-705-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| GVSW Surprise Plaza LLC; GVSW Surprise Plaza 15, LLC; Glimcher Co., | |
| Defendants. | |

On May 7, 2009, the Court ordered the following:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Additionally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.*

In this case, the Complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006); *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). First, the Complaint fails to allege the citizenship of every member of each limited liability company. Second, the Complaint fails to allege the state of incorporation and the principal place of business for the corporate Plaintiff. Finally, the Complaint fails to allege any form of citizenship for Defendant Glimcher.

Accordingly,

**IT IS ORDERED** that by May 22, 2009, Plaintiff shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the amended complaint shall not include fictitiously-named defendants unless Plaintiff shows cause to allow them. *See Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969).

1  Doc. #17.

2      Plaintiff timely filed an amended complaint, and alleged as follows: "Upon
3  information and belief...Design ...believes...that each and every member of GVSW Surprise
4  [LLC] is a resident of the state of Arizona" and "Upon information and
5  belief...Design...believes...that each and every member of GVSW 15 [LLC] is a resident of
6  the state of Arizona."  Doc. #18 at 2.  Further, the amended complaint states, "Upon
7  information and belief, Glimcher Co. is a business entity, form unknown, ....Design is
8  informed, believes and based thereon alleges that each and every member/shareholder/owner
9  of Glimcher is a resident of the State of Arizona."  Doc. #18 at 2.

10     As discussed in the May 7, 2009 order, federal courts are courts of limited
11 jurisdiction; the result of which is that the party asserting jurisdiction must prove to the Court
12 that it has jurisdiction.  Accordingly, jurisdiction may not be plead on information and belief.
13 *Lyerla v. Amco Insurance Co.*, 462 F.Supp.2d 931, 931 (S.D. Ill. 2006) ("Allegations of
14 federal subject matter jurisdiction may not be made on the basis of information and belief,
15 only personal knowledge.")  Thus, Plaintiff's jurisdictional allegations for the two LLC
16 defendants is insufficient.

17     Further, in the event Glimcher Co. is a corporation, Plaintiff has not pleaded based on
18 information and belief or personal knowledge, the state of incorporation of Glimcher Co.
19 Based on all of the foregoing, Plaintiff has failed to prove that federal subject matter
20 jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
21 (1994); *see also Valdez v. Allstate*, 372 F.3d 1115, 1116-17 (9th Cir. 2004).  Therefore,

22     **IT IS ORDERED** that this case is dismissed, without prejudice, for lack of federal
23 subject matter jurisdiction.

24     DATED this 22nd day of May, 2009.

25
26
27                             James A. Teilborg
                            United States District Judge
28